*In re* G.P., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Debra M., Respondent-Appellant).

Third District   No. 3—09—0311

Opinion filed September 29, 2010.

Victoria McKay Kennison, of Law Office of Edward R. Jaquays, of Joliet, for appellant.

Gregory Jumbeck, of Reich, Orloff & Jumbeck, L.L.P., of Joliet, for appellee R.P.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Edward P. Graham, of Law Offices of Edward P. Graham, of Naperville, guardian *ad litem*.

JUSTICE McDADE delivered the opinion of the court:

G.P. is the minor daughter of unwed parents, Debra M. and Rudolph P. In juvenile court proceedings, the trial court adjudged G.P. to be neglected. At the dispositional hearing, the court: (1) made G.P. a ward of the court; (2) found Debra to be unfit; and (3) granted custody of the child to Rudy. Later, Debra filed a motion to restore G.P. to her custody.

In family court, Rudy filed a petition for custody of the child. In juvenile court, he then filed motions: (1) to consolidate the juvenile court and the family court custody matters, under Supreme Court Rule 903 (210 Ill. 2d R. 903); and (2) to dismiss Debra's motion to restore custody. The juvenile court: (1) denied Rudy's motions; and (2) granted Debra's motion to restore custody to her, without previously having found her to be fit.

In the first appeal regarding this matter, Rudy submitted that the juvenile court had erred in its decisions regarding his motions. This court issued the following ruling:

> "[W]e reverse the [trial] court's order denying consolidation, vacate the order restoring minor's placement with mother based on the absence of a finding that mother had become fit ***, and further direct the court to grant the petition to consolidate both juvenile and family court proceedings before one judge pursuant to Supreme Court Rule 903. We remand the matter for the consolidated hearing of both mother's petition to restore her custody

rights under the Juvenile Court Act and father's petition for permanent custody under the Parentage Act." *In re G.P.*, 385 Ill. App. 3d 490, 506, 896 N.E.2d 440, 452 (2008).

On remand, the juvenile court granted the State's motion to terminate G.P.'s wardship. Debra filed a motion to reconsider. The trial court then sequentially: (1) partially granted Debra's motion to reconsider by vacating its previous order terminating wardship; (2) denied Debra's motion to restore custody; (3) denied her motion to reconsider in all other respects; and (4) again granted the State's motion to terminate wardship. The juvenile court then indicated that it would transfer the matter to the family court for further proceedings before a different judge.

On appeal, Debra argues that the trial court failed to follow this court's order to hold a single consolidated custody hearing regarding both the juvenile court matter and the family court matter. Alternatively, if this court finds that the trial court did not violate our previous ruling, Debra contends that the trial court erred as a matter of law by failing to follow the requirements of section 2—31(2) of the Juvenile Court Act of 1987 (705 ILCS 405/2—31(2) (West 2008)) in terminating wardship. We vacate the trial court's rulings from the first remand and remand the cause once again for proceedings that follow the requirements of Rule 903.

## BACKGROUND

As a preliminary matter, we note that Rule 903, which became effective on July 1, 2006, states the following:

"Whenever possible and appropriate, all child custody proceedings relating to an individual child shall be conducted by a single judge. Each judicial circuit shall adopt a rule or order providing for assignment and coordination of child custody proceedings. Assignments in child custody proceedings shall be in accordance with the circuit rule or order then in force." 210 Ill. 2d R. 903.

In our previous ruling, we emphasized that Rule 903's "mandate that all child custody proceedings *shall* be heard by a single judge is not conditioned upon the existence of a standardized circuit-wide procedure. The rule is conditioned only upon whether consolidation is both feasible and appropriate." (Emphasis in original.) *G.P.*, 385 Ill. App. 3d at 503, 896 N.E.2d at 450. Additionally, we determined:

"[T]he trial judge abused his discretion by denying the request for transfer to or consolidation with the family court case without making findings as to why it would be administratively unfeasible or inappropriate to do so based on statutory considerations. Moreover, the reasons stated by the judge in this case regarding the duplication of efforts are insufficient reasons to deny consolida-

tion based on this record." *G.P.*, 385 Ill. App. 3d at 506, 896 N.E.2d at 452.

Thus, we implicitly held that consolidated proceedings under Rule 903 were both possible and appropriate, which became the law of the case. See *Krautsack v. Anderson*, 223 Ill. 2d 541, 861 N.E.2d 633 (2006).

On remand, the trial court held proceedings from November 25, 2008, to April 7, 2009. The record shows that, during that time period, the Will County courts had not adopted a local rule or order concerning coordination of proceedings in a child custody case such as this one, as is clearly mandated by Rule 903. The record shows that the trial court and the parties interpreted our previous ruling to require a single hearing in which the court was to simultaneously consider both the juvenile court and the family court custody matters under a combined legal standard applicable to both matters.

Believing that such a proceeding would be in violation of the two sets of applicable statutes, the trial court held proceedings regarding Debra's motion to restore custody before a juvenile court judge. Among other things, the juvenile court judge denied Debra's motion and granted the State's motion to terminate G.P.'s wardship, thereby closing the juvenile case. The juvenile court judge then prepared to send the matter to the family court for assignment to another judge regarding Rudy's petition for custody. Debra appealed.

## ANALYSIS

Debra contends that the trial court erred by failing to follow this court's previous order to hold consolidated proceedings before a single judge under Rule 903.

Although supreme court rules are not statutes, they have the force of law and are to be obeyed and enforced as written. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 775 N.E.2d 987 (2002). We review a trial court's application of a supreme court rule *de novo*. *Robidoux*, 201 Ill. 2d 324, 775 N.E.2d 987.

■ In the present case, Rule 903 requires consolidated child custody proceedings in a trial court before a single judge "whenever possible and appropriate." 210 Ill. 2d R. 903. As we indicated above, in our previous ruling we implicitly held that such proceedings were both possible and appropriate in this case. See *G.P.*, 385 Ill. App. 3d 490, 896 N.E.2d 440. This ruling became the law of the case. See *Krautsack*, 223 Ill. 2d 541, 861 N.E.2d 633.

We acknowledge that in our previous ruling, we stated that the proceedings on remand were to be conducted in "the consolidated hearing of" Debra's custody motion filed in the juvenile court and Rudy's custody petition filed in the family court. *G.P.*, 385 Ill. App. 3d

at 506, 896 N.E.2d at 452. This statement seemed to imply that Rule 903 required a single consolidated hearing on the two matters before a single judge to consider both the juvenile court and the family court custody matters simultaneously. However, the plain language of Rule 903 does not require such a single consolidated hearing. The rule merely requires that "all child custody proceedings relating to an individual child shall be conducted by a single judge." 210 Ill. 2d R. 903. The rule does not require a consolidated hearing, in the singular, to be held before a single judge, but rather, consolidated proceedings, in the plural, before a single judge. See 210 Ill. 2d R. 903. To the extent that our previous ruling could be interpreted to require a single consolidated hearing under Rule 903, we hereby clarify that ruling. Such an interpretation of Rule 903 would exceed the requirements of the rule.

■ In summary, this court previously implicitly ruled that consolidated custody proceedings regarding G.P., under Rule 903, were both possible and appropriate. See *G.P.*, 385 Ill. App. 3d 490, 896 N.E.2d 440. We ordered that on remand consolidated child custody proceedings be conducted by a single judge as required by Rule 903. Instead, a juvenile court judge held the juvenile court proceedings, and then prepared to transfer the matter to the family court for proceedings before a different judge sitting in family court. Such proceedings were in direct contravention of this court's previous order but, more importantly, were in violation of the plain language of Rule 903. Therefore, we hold that the trial court erred as a matter of law by denying Debra's motion for custody and granting the State's motion to terminate wardship in proceedings that violated the dictates of Rule 903.

## CONCLUSION

For the foregoing reasons, we vacate the judgments of the Will County circuit court in the first remand of this matter and remand the cause again for proceedings that comply with Supreme Court Rule 903.

Orders vacated; cause remanded with directions.

HOLDRIDGE, P.J., and LYTTON, J., concur.